JOSEPH CATTANIA, RESPONDENT, v. ALBERT FLECKENSTEIN AND EDWARD FLECKENSTEIN, JR., PARTNERS, TRADING AS EDWARD FLECKENSTEIN SONS, APPELLANTS.

Submitted May 25, 1928—Decided October 15, 1928.

For the appellants, *Heine, Bradner & Laird.*

For the respondent, *William L. Rae.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from a judgment of the Hudson County Circuit Court. The action was instituted by Joseph Cattania against the partnership of Edward Fleckenstein Sons to recover damages for injuries received by him as a result of being struck by an automobile owned by the partnership and operated by a servant of the partnership at the time of the accident. The plaintiff lived on the easterly side of Palisade avenue in Jersey City. The number of his residence was 570 Palisade avenue. This avenue runs north and south, is forty feet in width, and has a single trolley track in the center thereof. Cattania left his residence on the evening of May 15th, 1926, to go to a barber shop on the opposite side of the street from his residence. The barber shop was numbered 567 Palisade avenue. After being shaved and having his hair cut, Cattania started to go across Palisade avenue to his home. It was then dark, being between eight-thirty and eight forty-five P. M. Earlier in the evening it

had been raining. Cattania testified that he looked both to the left and to the right. He saw a dark shadow about a block away in the center of the street. He started to cross the avenue from the westerly side to the easterly side and had reached a point east of the car track when he was struck by the defendant's automobile, a Ford coupe, going at a high rate of speed and unlighted. It gave no warning of its approach. Cattania was carried sixty-five feet after being struck before the car was stopped. He received a bad fracture of the right leg which has resulted in a permanent injury.

The first point argued by the appellant is that it was error for the trial court to refuse to grant the motions made for a nonsuit and for the direction of a verdict for the defendant. The appellant contends that the plaintiff produced no evidence of its negligence. We are not in accord with this view. From the evidence the jury could find that the plaintiff made proper observations before attempting to cross the street; that if the dark shadow he saw was an automobile the plaintiff had the right to assume that the driver thereof would take reasonable care so as not to injure him while crossing the street; that without warning the automobile, unlighted, approached the plaintiff at excessive speed, struck him, and was not stopped until it had gone sixty-five feet beyond where the plaintiff was struck. In passing upon a motion to nonsuit or for the direction of a verdict for the defendant, the plaintiff is entitled to every lawful inference that can be deduced from the facts proven. From the circumstances above related the jury could find, as it did, the defendant negligent. We think the evidence presented a question for the jury. *Tischler* v. *Steinholtz,* 99 *N. J. L.* 149; *Heckman* v. *Cohen,* 90 *Id.* 322; *Thornton* v. *Cater,* 94 *Id.* 435. The motions to nonsuit and direct a verdict for the defendant were properly denied.

The only other contention advanced by the defendant-appellant for a reversal of the judgment is that the trial court erred in overruling objections to two questions asked of Dr. Royal Lee, a witness called by the plaintiff. The witness was a surgeon. He testified that he had examined the

plaintiff and was then asked "Will you tell us what that examination consisted of?" This question was objected to on the ground that the examination was made purely for the purpose of testifying. The witness had been told that he must state nothing which the plaintiff had told him but to tell only what he did and learned by the examination. We see no error in this ruling. The witness testified to no subjective symptoms. He was not the attending physician and testified only to those symptoms he observed in the examination. The trial court in its ruling was safely within the law as expounded in the cases of *Consolidated Traction Co.* v. *Lambertson*, 60 *N. J. L.* 452, and *Rubin* v. *Trowbridge Sign Co.*, 99 *Id.* 216.

The second question objected to was: "Doctor, when you examined this man and when you made these X-rays, will you tell us whether or not in your judgment, and basing your answer upon the experience you have had in observing these cases in the hospitals and elsewhere, whether or not in your judgment this man was then able to do heavy manual labor?" The objections to this question are, first, that it is not hypothetical, and, second, that it is based solely upon the observations of the witness in hospitals and elsewhere, and upon experience and custom. The question did not have to be put in hypothetical form as required where the expert witness has had no opportunity of examining the party concerning whose condition he is testifying. The witness had qualified as an expert. He had examined the plaintiff. He had been told not to base his opinion on subjective symptoms. It is difficult to understand the criticism leveled at the question, as the witness as an expert would naturally have to use the experience gained by him in hospitals and elsewhere to testify and would also have to rely upon the examination he made in order to answer the question addressed to him. We see no error in the rulings of the trial judge which allowed these questions.

The judgment of the Hudson County Circuit Court is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.